### FOSTER & GLASSELL CORPORATION v. L'HERISSON.

### No. 5111.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 6, 1935.

Rusca & Cunningham, of Natchitoches, for appellant.

Richard B. Williams, of Natchitoches, for appellee.

MILLS, Judge.

An account of $185.85 appearing on the books of Foster & Glassell Company, Inc., against J. G. L'Herisson was on May 3, 1933, at bankruptcy sale, conveyed to Foster & Glassell Corporation, which brings this action to recover same from the debtor.

Defendant answers denying any indebtedness and alleging that a debit of $423.-57, made up of an item of $317.07, owed by T. L. Glass, and one of $106.50, owed by Mrs. T. L. Glass, is charged to him without his knowledge or consent and without any agreement on his part to pay same; that, upon complaint, the first item was corrected, but the second still is wrongfully charged against him. That the same is true of an account with the Bath Grocery Company for $48.12. He claims credit for the following payments:

March 3, 1932..................... $10.00
September 16, 1932.............. 38.95

After due trial, plaintiff's demands were rejected in the lower court, and it has appealed.

Only two witnesses testify for the plaintiff. W. E. Brock was secretary-treasurer of the plaintiff corporation from its formation until May 1, 1929, when he took on the additional office of manager and so continued until he was appointed receiver in the bankruptcy proceeding. He says that during this period defendant was employed by the company as a salesman and kept a running account with it. He testifies that, while he maintained supervision over the books, he did not keep them, and has no personal knowledge of their correctness beyond a few items entered by him. Over the objection of defendant, he testifies: "To the best of my knowledge, the account of $185.85 is correct according to the records."

Further on, he adds:

"Q. Do you know anything about the correctness of the sales sheet which made up the general ledger account or the merchandise account? A. I don't know. I would have to check them back, there could be a chance for the merchandise item to be in error.

"Q. What you are testifying to as of your own knowledge is what was told you by someone else? A. Yes, sir."

He admits that the correctness of the account was always questioned by defendant, and that he ordered him credited with the Glass items. He does not explain why the $106.50 item was not credited.

O. F. Himel, the second witness, became a bookkeeper for the bankrupt company about September 1, 1932. As the disputed general ledger account began in 1925 and ended on August 9, 1932, his testimony is not helpful, and was properly excluded as to transactions occurring before his employment.

The account as filed is made up of a merchandise account of $107.27 and $78.-58, brought over from the general ledger.

Any failure of proof as to the merchandise account is supplied by defendant's testimony that it is correct. He disputed the general ledger account, claiming that the Mrs. Glass item of $106.50 and the Bath Grocery item of $48.12, a total of $154.62, are wrongfully charged to him. There is no question as to the correctness of his contention as to the former item. Plaintiff attempted in rebuttal to go more fully into this item. It having been directly attacked in the answer, we think the court correctly ruled that it could not be proved in rebuttal.

The Bath Grocery Company assigned a purported account of $48.12 against defendant to the Foster & Glassell Company, Inc. Defendant denies owing it. There being no proof whatever to the contrary, it must be disallowed.

Defendant offered in support of his plea of payment several checks in evidence. As he would not positively testify that they were to be applied on the account, the plea must fail.

We find then that, against the account of $185.85, credits totaling $154.62 should be allowed, leaving a balance of $31.23, for which plaintiff is entitled to judgment.

The judgment appealed from is accordingly reversed, annulled, and set aside, and judgment is now rendered in favor of plaintiff and against defendant in the sum of $31.23, with 5 per cent. per annum interest thereon from November 17, 1933, until paid and costs of both courts.